VIRGIL BROWN, Respondent, v. T. J. MOSS TIE COMPANY, Appellant.

St. Louis Court of Appeals.    Submitted on Brief by Respondent February 8, 1911.    Opinion Filed February 21, 1911.

1. PLEADINGS: Exhibits: Not Part of Pleading: Necessity of Introducing in Evidence. Although an exhibit is attached to a pleading, it is no part thereof and cannot be considered on appeal, unless it was read in evidence.

2. SALES: Contract: Sufficiency of Evidence to Establish. In an action for breach of a contract in failing to receive and pay for railroad ties in accordance with an alleged contract, *held*, the evidence was insufficient to show the existence of such contract.

3. ———: ———: Performance: Sufficiency of Evidence. In an action for breach of a contract in failing to receive and pay for railroad ties, in accordance with an alleged contract to receive and pay for them, provided they passed the inspection of railroad inspectors, *held* that evidence by plaintiff's witnesses, that if there was such an inspection they did not know it, did not prove that the ties had not been inspected

4. **ASSIGNMENTS: Sufficiency of Evidence.** Testimony by a party to a contract for the sale and purchase of ties that he had sold out to a third person and testimony by the third person that when he bought out the party he paid him a specified sum for the ties and the timber left on the ground did not prove an assignment of the contract, so as to entitle the third person to sue for damages for its breach.

Appeal from Dunklin Circuit Court.—*Hon. James L. Fort,* Judge.

REVERSED.

*W. S. C. Walker* for appellant.

Under the contract, and under the law as stated in the following decisions, the decision of the Frisco tie inspectors was final, in the absence fraud, misconduct and bad faith. There is no allegation in the petition of fraud, misconduct or bad faith. The plaintiffs admit that the tie inspectors were there, but claim that they were not notified that the ties had been rejected. Rogers v. Rehard, 122 Mo. App., 44; Strother v. Lumber Co., 110 Mo. App., 552; McGregor v. Construction Co., 188 Mo. 611; Realty Co. v. Moynahan 179 Mo. 629; Chapman v. Eneberg, 95 Mo. App., 127; Mockler v. St. Vincent's Institution, 87 Mo. App., 473; McCormick v. St. Louis, 166 Mo., 315; Wear v. Schmelzer, 92 Mo. App., 314; Marmaduke v. Martin, 90 Mo. App., 629.

*John T. McKay* for respondent.

REYNOLDS, P. J.—Plaintiff in this action seeks to recover damages against defendant for its failure to take up, receive and pay for a lot of ties which plaintiff claims defendant had contracted for, the contract claimed to have been by a written proposal from one Myers, the assignor of plaintiff, and which proposal it is claimed was accepted in writing by Bray. The allegation in the petition as to the interest of plaintiff is as follows: "Plaintiff further states that he has purchased all the right, title and interest of James A.

Bray in and to the ties as aforsaid, and in and to any right accruing for damages." The exhibit is attached to the petition as Exhibit "A."

The answer, after a general denial, denies that the exhibit filed with the petition contains any contract between plaintiff and defendant; denies that the writer of the letter had any authority on the date of the letter to bind defendant in any contract without express approval of defendant; denies that defendant ever approved the contract and denies that any ties mentioned in the letter attached to the petition were offered for acceptance.

The case was heard before the court and a jury.

Defendant demurred to the evidence. That was overruled and exceptions saved. Plaintiff asked no instructions. Defendant asked several, all of which but one, not necessary to notice, were refused. There was a verdict for plaintiff, from which, after unsuccessfully moving for a new trial, defendant has duly appealed.

Attaching an exhibit to a pleading does not make it part of the petition, and it is doubtful whether we can consider it at all, as it is not very clear that it was read in evidence. Waiving that and giving plaintiff the benefit of the doubt, we will treat it as having been given in evidence. This proposal, which the testimony of defendant tends to show was a mere general circular, sent out to all timber and tie men, is addressed to Bray, and in substance the writer, Myers, writes that he had expected to see Bray but did not do so, "but in reference to buying ties, will say that we are in the market for all the soft and hardwood ties that are offered." The letter then quotes prices that defendant would pay, and specifies the sizes required, as well as quality of the ties, that is, as to what timber they were to be made from and their condition as to "crooks, dotes," or other defects which would render them unacceptable, and specifies how they are to be piled. The letter concludes: "Will inspect and pay for ties in full once each month.

All ties are contracted for subject to Frisco inspection and paid for at inspection. Will be glad to do business with you or help you to do business." By "Frisco," is meant the St. Louis & San Francisco Railroad Company. As to the oral evidence, it is sufficient to say of it that it falls short of even tending to prove that, conceding that an agent of defendant, having authority, made the offer contained in the letter, it does not tend to show an acceptance of the offer on the part of plaintiff's assignor which was known to or communicated to defendant. Bray, it is true, testified that he accepted the order, but it appeared that this was through Brown. All that Brown testified to on this is that he answered the letter of Meyers and signed Bray's name to it. The letter was neither produced, accounted for nor its contents testified to—merely that Brown, writing for Bray, had answered the letter of Myers. How he answered it does not appear. There is no evidence in the case tending to show any subsequent acts on the part of defendant or any one representing it that can be construed into a recognition of the fact of plaintiff's assignor having any contract whatever with defendant concerning ties. Furthermore the letter relied on as a contract explicitly provides that "all ties are contracted for subject to Frisco inspection and paid for at inspection." Plaintiff and Bray and their witnesses do not pretend to say that the ties had not been inspected, the failure to do which is averred as one of the grounds for recovery in this case by plaintiff. All they say on the matter is that if there was an inspection by the "Frisco" agents, they "did not know of it." To the contrary of this negative testimony, is the positive testimony of Myers and of the "Frisco" inspectors and of the inspectors, or those whose business it was to take up ties for appellant, that these identical ties were inspected by the "Frisco," and rejected as not up to standard. Over and above this there is no proof whatever of any assign-

155 App.—40.

ment of this contract pleaded and relied on by Bray to Brown. All that is said on this subject was by Bray under cross-examination when he testifies: "I sold out to Brown (plaintiff) as early as January, 1908." All that Brown testifies to on the matter is this: "When I bought out Bray I gave him something like $90 for the ties and the timber that was left on the ground." This is no proof whatever of such an assignment of the pretended contract as entitles plaintiff, as assignee of Bray, to maintain this action for damages on that contract. It might be that Brown owned the ties. That would not make him privy to the contract for their purchase by defendant, if such contract existed; much less would the purchase of the ties constitute him an assignee of a chose in action so as to entitle him to claim damages against defendant for failure to comply with that contract. That is all that is in this case. Whether such a case as this, resting on an alleged assignment of a right to recover damages, can be maintained at all, we are not considering or deciding, as it is not necessary to do so here. There is no pretense that plaintiff himself had any contract whatever with defendant. Nor are we considering or determining the question as to whether this letter claimed to be a proposal, on which the alleged contract is based, was definite enough, in itself, to constitute a contract or a definite proposition for a contract. On this phase of it we express no opinion. It is proper to say that no counsel appeared before us, and no briefs were filed, in behalf of respondent. We therefore prefer act to pass on any points not absolutely material to the determination of this particular case.

For a failure of evidence on the part of plaintiff in this case, the demurrer which defendant interposed at the close of all the testimony in the case should have been sustained. The judgment of the circuit court is reversed. *Nortoni* and *Caulfield, JJ.,* concur.